IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ALLEN DARBY,

      Plaintiff,                  No. 2:12-cv-2019 JFM (PC)

    vs.

A. ENENMOH, et al.,

      Defendants.            <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff is an inmate housed at the California Substance Abuse Treatment Facility and State Prison ("CSATF/SP") in Corcoran, California.  Plaintiff's claims, however, stem from defendants' actions while plaintiff was housed at California Medical Facility ("CMF") in Vacaville, California; Deuel Vocational Institute ("DVI") in Tracy, California; and other California Department of Corrections and Rehabilitation ("CDCR") facilities and contract hospitals.  Plaintiff names as defendants A. Enenmoh, M.D., the Chief Medical Officer at CSATF/SP; A. Alphonso, MD., plaintiff's primary care physician at CSATF/SP; and Does 1-20 (medical personnel at these other facilities).

While an inmate at CMF, plaintiff claims he was misdiagnosed with a stroke in 1999 and then again in April 2001 by an unidentified individual(s).  As a result of this misdiagnosis, plaintiff was treated in a way inconsistent with his needs as a sufferer of Parkinson's disease.  That is, plaintiff claims he was forced to remain in a wheelchair for over 12 years with attendant loss of strength and ability, and he was given medication that was unnecessary.  In September 2010, while an inmate at DVI, a physician discovered the misdiagnosis, but plaintiff claims that he continues to be treated based on the misdiagnosis.  Plaintiff alleges here that defendants were deliberately indifferent to his medical needs when they "intentionally obscured or covered up the facts" relating to the misdiagnosis.  Plaintiff also claims defendant Enenmoh denied a recommendation for a wheeled-walker.

When prison officials are deliberately indifferent to the serious medical needs of those under their control, the Eighth Amendment proscription against cruel and unusual punishment is violated.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A determination of

deliberate indifference requires an examination of two elements: (1) the seriousness of the prisoner's medical needs; and (2) the nature of the defendant's response to that need. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle v. Gamble</u>, 429 U.S. at 106. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish deliberate indifference, the prison official must know of, and disregard, an excessive risk to the patient's health and safety. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057-58 (9th Cir. 2004). The prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but actually draw the inference. <u>Id.</u>

The court finds the allegations in plaintiff's complaint to be insufficient to state a claim under the Eighth Amendment. Plaintiff does not set forth any specific allegations as to defendant Dr. Alphonso, and his general allegation that Dr. Alphonso "covered up" the stroke misdiagnosis is a conclusory statement without any factual support. Additionally, plaintiff's allegation that defendant Dr. Enenmoh denied a recommendation for a medical device, without more, does not set forth a claim for a constitutional violation. Accordingly, the complaint must be dismissed. Leave to amend, however, will be granted.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enenmoto</u>, 633 F.2d 164, 167 (9th Cir.

1 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

2 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

3 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5 order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

6 complaint be complete in itself without reference to any prior pleading. This is because, as a

7 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

8 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

9 longer serves any function in the case. Therefore, in an amended complaint, as in an original

10 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11       Finally, the court offers plaintiff this guidance. While prisoners proceeding pro se

12 in civil rights actions are still entitled to have their pleadings liberally construed and to have any

13 doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338,

14 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally

15 participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

16 2002). This requires the presentation of factual allegations sufficient to state a plausible claim

17 for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Moss v. U.S. Secret Service, 572 F.3d

18 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this

19 plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

20       Section 1983 provides a cause of action for the violation of constitutional or other

21 federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d

22 965, 971 (9th Cir. 2011); Jones, 297 F.3d at 934. For each defendant named, plaintiff must show

23 a causal link between the violation of his rights and an action or omission of the defendant.

24 Iqbal, 556 U.S. at 678-79; Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v.

25 Bennett, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under

26 /////

§ 1983, and each defendant may only be held liable for misconduct directly attributed to him or her.  Iqbal, 556 U.S. at 676; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted (Doc. Nos. 2, 5).

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

  a. The completed Notice of Amendment; and

  b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: October 16, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;darb2019.14new

6

```
 1
 2
 3
 4
 5
 6
 7
 8                  IN THE UNITED STATES DISTRICT COURT
 9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10  THOMAS ALLEN DARBY,
11         Plaintiff,                No. 2:12-cv-2019 JFM (PC)
12     vs.
13  A. ENENMOH, et al.,
14         Defendants.               NOTICE OF AMENDMENT
15  _____/
16         Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18         _____        Amended Complaint
19  DATED:
20
21                                   _____
                                     Plaintiff
22
23
24
25
26
```